IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL B. SANCHEZ SANCHEZ, *Petitioner,* v. PAMELA BONDI, et al., *Respondents.* | CIVIL ACTION NO. 25-7310 |

## ORDER

**AND NOW**, this 7th day of January 2026, upon consideration of the Petition for a Writ of *Habeas Corpus*, (Dkt. No. 1), the Application for Issuance of Order to Show Cause, (Dkt. No. 2), the Motion for Temporary Restraining Order, (Dkt. No. 3), and the Government's Response in Opposition, (Dkt. No. 6), it is hereby **ORDERED** that the Petition, (Dkt. No. 1), is **GRANTED** as follows:

1. **Sanchez Sanchez is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)**, and instead may be detained, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).[1]

---

[1] Angel Benigno Sanchez Sanchez is a citizen of Ecuador and has resided in the United States for the past twenty-five years. (Pet. ¶ 1, Dkt. No. 1.) On January 15, 2019, police arrested Sanchez Sanchez for driving under the influence, (*Id.* ¶ 22), and he was convicted on that charge in May of 2019, (*Id.* ¶ 23.) ICE agents took him into custody months later and began removal proceedings. (*Id.* ¶ 24.) Immigration Judge Kuyomars Golparvar set bond at $7,500, which Sanchez Sanchez posted the next day and was released. (*Id.* ¶ 25.) Immigration Judge John Carle agreed to dismiss those removal proceedings in November of 2024 so Sanchez Sanchez could seek adjustment of status in front of the USCIS. (*Id.* ¶ 26.) But on December 18, 2025, ICE agents arrested Sanchez Sanchez and transferred him to the Philadelphia Federal Detention Center where he remains detained. (*Id.* ¶ 36.)

Sanchez Sanchez filed a federal *habeas* petition on December 23, alleging violations of the Immigration and Nationality Act, the Administrative Procedure Act and due process. He seeks release from detention and a bond hearing. *See* (Pet. at 17–22). The Government argues that the Court lacks jurisdiction and, even if it had jurisdiction, noncitizens in this country like Sanchez Sanchez are subject to mandatory detention under the INA. *See* (Gov't Resp. in Opp'n at 1–2, Dkt. No. 6). The Court disagrees on both counts.

2. All claims against Pamela Jo Bondi, Kristi Noem, and Todd Lyons are **DISMISSED**.[2]

3. **On or before January 14, 2026**, the current Director of Immigration and Customs Enforcement for the Philadelphia Field Office shall provide Sanchez Sanchez with a bond hearing in accordance with 8 U.S.C. § 1226(a).

4. Should the Immigration Judge deny bond, the Director of Immigration and Customs Enforcement for the Philadelphia Field Office **shall provide** Sanchez Sanchez the opportunity to appeal to the Board of Immigration Appeals.

5. The Court **DENIES as moot** the Application for Issuance of Order to Show Cause, (Dkt. No. 2), and the Motion for Temporary Restraining Order, (Dkt. No. 3).

---

First, as the Government points out, "[t]he vast majority of courts . . . have rejected the government's positions." *See* (*Id.* 1–2 & n.1(collecting cases)). As Judge Diamond found, nearly 288 district courts have considered similar allegations as here, and 282 have rejected the Government's position. *See generally Demirel v. Fed. Detention Ctr. Phila.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025). Second, Sanchez Sanchez's detention is discretionary—not mandatory—under 8 U.S.C. § 1226(a) and not § 1225(b) for similar reasons. *See id.*

"In these circumstances, the law is clear: The Government detained [Sanchez Sanchez] pursuant to § 1226(a), which allows him to seek bond at a hearing before an [Immigration Judge]." *Id.*, at *5 (citation modified). Given that basis, the Court need not address Sanchez Sanchez's APA and due process claims.

[2] "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). The proper respondent is the Acting Director of the ICE Philadelphia Field Office because that person can effectuate Sanchez Sanchez's release. *See Demirel*, 2025 WL 3218243, at *2. But Attorney General Pam Bondi, Secretary of Homeland Security Kristi Noem, and Acting Director of ICE Todd Lyons are "remote supervisory official[s]," *Padilla*, 542 U.S. at 435, so the Court dismisses them as Respondents.

BY THE COURT:


*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.